IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHARLES-R.: BERRY,

    Plaintiff,

vs.	Civ. No. 00-0011 JP/WWD

VALENCIA COUNTY DEPUTY SHERIFF
BACA, et al.,

    Defendants.

MEMORANDUM OPINION AND ORDER

On August 8, 2000, the Plaintiff filed a Motion to Court to Amend Complaint (Doc. No. 22). In response to the Plaintiff's motion to amend, the Defendants filed on August 22, 2000 a Motion to Strike or, Alternatively, Motion for a More Definite Statement (Doc. No. 23). After a careful review of the briefs and the relevant law, I have determined that 1) the Plaintiff's motion to amend is not well taken and should be denied, and 2) the Defendant's motion to strike or for a more definite statement should be denied as moot.

After a responsive pleading has been filed, a plaintiff may amend the complaint only by leave of the court or upon written consent of the adverse party. *See* Fed. R. Civ. P. 15(a). Rule 15(a) states that "leave shall be freely given when justice so requires." *Id.* However, if the court determines there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice, or futility of the amendment, leave may be denied. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Futility exists if the proposed amendment is frivolous or legally insufficient on its face. *See, e.g., Morton Intern., Inc. v. A.E. Staley Mfg. Co.*, 106 F.Supp.2d 737, 745 (D.N.J. 2000).

The Plaintiff's proposed amended complaint is vague, unintelligible, frivolous, and legally insufficient.  The proposed amendment would be subject to dismissal under 28 U.S.C. §1915(d).  Amendment of the complaint would, therefore, be futile and inappropriate.  Accordingly, I find that the motion to amend should be denied.  Since the motion to amend should be denied, I also find that the Defendant's motion to strike or for a more definite statement is now moot and should be denied for that reason.

IT IS ORDERED that the Plaintiff's Motion to Court to Amend Complaint (Doc. No. 22) is denied.

IT IS FURTHER ORDERED that the Defendants' Motion to Strike or, Alternatively, Motion for a More Definite Statement (Doc. No. 23) is denied as moot.

_____
CHIEF UNITED STATES DISTRICT JUDGE

For Plaintiff:      Charles-R.: Berry, *pro se*
                    Los Lunas, New Mexico

For Defendants:     Sean Olivas
                    Keleher & McLeod
                    Albuquerque, New Mexico