IN THE UNITED STATES DISTRICT COURT

**FILED**

UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

FOR THE DISTRICT OF NEW MEXICO

SEP 2 5 2000

CHARLES-R.: BERRY,

    Plaintiff,

*R. Robert Marsh*

CLERK

vs.

Civ. No. 00-0011 JP/WWD

VALENCIA COUNTY DEPUTY SHERIFF
BACA, VALENCIA COUNTY DEPUTY SHERIFF
JOHN DOE, and STEVE SANCHEZ, Valencia County
Animal Control Officer,

    Defendants.

## MEMORANDUM OPINION AND ORDER

On July 19, 2000, the Defendants filed a Motion for Summary Judgment (Doc. No.18).
After a careful review of the briefs and the relevant law, I have determined that the Defendants'
motion for summary judgment is well-taken and should be granted.

I. Background

The Plaintiff alleges that the Defendants violated his Fourth Amendment and due process
rights on October 14, 1999 and November 5, 1999, respectively. The Plaintiff alleges that on
October 14, 1999, Defendant Valencia County Sheriff John Doe and Defendant Valencia County
Animal Control Officer Steve Sanchez entered his property and removed one of the Plaintiff's
dogs. The Plaintiff also alleges that on November 5, 1999 Defendant Valencia County Sheriff
Baca and Defendant Sanchez entered his property and removed two of the Plaintiff's dogs. The
Plaintiff complains that these Defendants should have had a warrant to enter onto his property.
The Plaintiff seeks a total of $1.2 million dollars in damages.

The undisputed facts demonstrate that Defendants Doe and Baca accompanied animal
control officers to the Plaintiff's address because of complaints about the Plaintiff's dogs



running loose in the neighborhood. Defendants Doe and Baca observed the roaming dogs from a public vantage point and saw them leaving and entering the Plaintiff's property. It is also undisputed that Defendant Sanchez was not present at the Plaintiff's property on October 14, 1999 and November 5, 1999. Defendant Sanchez supervised the animal control officers who went to the Plaintiff's property on October 14, 1999 and November 5, 1999.

The undisputed facts also show that the Plaintiff and on one occasion someone the Plaintiff apparently knew picked up the dogs from the dog pound shortly after they were impounded on October 14, 1999 and November 5, 1999. None of the dogs suffered any kind of significant injury if they were injured at all.

II. Summary Judgment Standard

Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). When applying this standard, we examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment. *Applied Genetics Intl, Inc. v. First Affiliated Sec., Inc.*, 912 F.2d 1238, 1241 (10th Cir. 1990). The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Only then does the burden shift to the non-movant to come forward with evidence showing that there is a genuine issue of material fact. *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991). The non-moving party may not avoid summary judgment by resting upon the mere allegations or denials of his or her pleadings. *Id.*

2

III. Discussion

The Defendants argue that summary judgment is appropriate in this case for the following reasons: 1) Plaintiff has failed to set forth sufficient facts to support a Fourth Amendment claim; 2) Plaintiff suffered no deprivation of property which rises to a constitutional level; and 3) Plaintiff's complaint lacks subject matter jurisdiction. In the alternative, the Defendants contend that they are entitled to qualified immunity and the claims against Defendant Sanchez should be dismissed because he was not present during the October 14, 1999 and November 5, 1999 incidents at the Plaintiff's property. I will discuss the jurisdictional issue first.

A. Federal Jurisdiction

A federal claim can be so *de minimis* that it fails to establish federal jurisdiction. *Kostiuk*, 570 F.Supp. at 610. In this case, the Plaintiff's constitutional claims have no merit and the Plaintiff suffered no significant damages. *See id.* at 611("The significance of plaintiff's case is not heightened by the inclusion of an exaggerated damage claim."). The undisputed facts show that the offender in this case was actually the Plaintiff who violated a county ordinance designed to protect the public's health and safety by prohibiting roaming dogs. For these reasons, I find that this lawsuit is frivolous. The frivolous nature of this lawsuit cannot establish jurisdiction in federal court. *See id.* This case should, therefore, be dismissed for lack of federal jurisdiction. Assuming for the sake of argument that there is federal jurisdiction, I will address the remaining arguments in favor of summary judgment.

3

B.  The Plaintiff's Fourth Amendment Claim

In *Gall v. City of Vidor, Texas*, 903 F.Supp. 1062, 1066 (E.D. Tex. 1995), the court found "that an animal control officer, after receiving reports of animal abuse and after having viewed the dogs from outside the premises, may enter the property of another" without violating the Fourth Amendment.  In an unpublished Tenth Circuit case, *Bewley v. City of Duncan*, 1998 WL 314382 at *5 (10th Cir.)(attached to Memorandum Opinion and Order), the Tenth Circuit Court of Appeals found that an officer's warrantless entry onto a person's property was permissible to shoot a loose dog with a tranquilizer when the purpose of the officer's action was to protect the officers and the public.  These two cases indicate that the Fourth Amendment would not be violated in a case like this where the Defendants saw from a public vantage point loose dogs roaming the neighborhood and going back onto the Plaintiff's property.  As in the *Bewley* case, the Defendants were acting to protect the public from the Plaintiff's dogs.  I find that as a matter of law summary judgment should be granted as to the Plaintiff's Fourth Amendment claim.

C.  The Due Process Claim

The Fourteenth Amendment provides that no person shall be deprived of "life, liberty or property, without due process of law."  A person has a property interest in his or her dog.  *Gall*, 903 F.Supp. at 1067.  However, a person's property interest in a dog is not deprived when the dog is impounded but recovered soon after the impoundment and the dog is not permanently damaged in any way.  *Id.*; *Kostiuk v. Town of Riverhead*, 570 F.Supp. 603, 608-09 (E.D. N.Y. 1983).  That is the situation here.  Accordingly, I find that as a matter of law summary judgment should be granted as to the Plaintiff's due process claim.

4

D. Qualified Immunity

Once a defendant raises the defense of qualified immunity, the plaintiff must first

sufficiently assert the violation of a constitutional right. *Martinez v. Mafchir*, 35 F.3d 1486, 1490

(10th Cir. 1994)(citing *Siegert v. Gilley*, 500 U.S. 226, 231-33 (1991). As already discussed, the

Plaintiff has not shown that the Defendants violated any of the Plaintiff's constitutional rights.

Consequently, the Defendants are entitled to qualified immunity.

E. Defendant Sanchez

Defendant Sanchez was not present during the alleged constitutional violations on

October 14, 1999 and November 5, 1999 nor did he personally impound the Plaintiff's dogs.

The Plaintiff is, therefore, apparently suing Defendant Sanchez in his supervisory capacity. A

supervisor cannot be held liable under 42 U.S.C. §1983 for constitutional violations on a

*respondeat superior* theory. *Brown v. Reardon*, 770 F.2d 896, 901 (10th Cir. 1985). For this

additional reason, this case should be dismissed as to Defendant Sanchez.

IT IS ORDERED that the Defendant's Motion for Summary Judgment (Doc. No.18) is

granted.

CHIEF UNITED STATES DISTRICT JUDGE

For Plaintiff:        Charles-R.: Berry, *Pro se*
                      Los Lunas, New Mexico

For Defendants:       Sean Olivas
                      Keleher & McLeod
                      Albuquerque, New Mexico

5

Citation                    Found Document            Rank 1 of 1              Database
149 F.3d 1190 (Table)                                                          CTA
98 CJ C.A.R. 2797
**Unpublished Disposition**
**(Cite as: 149 F.3d 1190,  1998 WL 314382 (10th Cir.(Okla.)))**
**H**

NOTICE:  THIS IS AN UNPUBLISHED OPINION.

(The Court's decision is referenced in a "Table of Decisions Without Reported
Opinions" appearing in the Federal Reporter. Use FI CTA10 Rule 36.3 for rules
regarding the publication and citation of unpublished opinions.)

United States Court of Appeals, Tenth Circuit.
Billy v. BEWLEY, Plaintiff-Appellant,
v.
CITY OF DUNCAN, a Municipal Corporation; Dale Anderson, Chief of Police,
individually and as employee of the City of Duncan; Glen Harris, individually
and as employee of the City of Duncan; Chris Ray, individually and as employee
of the City of Duncan; Richard Hodges, individually and as employee of the City
of Duncan; Herbert Jennings, individually and as employee of the City of
Duncan; Andrew J. Lapine, Jr., an individual acting in conspiracy with those
acting under color of law, Defendants-Appellees.
Nos. 97-6274, 97-6321.
June 4, 1998.

Before PORFILIO, BARRETT, and HENRY, Circuit Judges.

ORDER AND JUDGMENT [FN*]

FN* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The
court generally disfavors the citation of orders and judgments;
nevertheless, an order and judgment may be cited under the terms and
conditions of 10th Cir.R. 36.3.

HENRY, J.
**1 After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without
oral argument. See Fed.R.App.P. 34(f); 10th Cir. R. 34.1.9. These cases are
therefore ordered submitted without oral argument.
In appeal No. 97-6274, plaintiff Billy Bewley, *proceeding pro se, appeals the*
district court's orders granting dismissal and summary judgment to defendants on
his amended complaint alleging causes of action under 42 U.S.C. § 1983, and
certain state law claims. In appeal No. 97-6321, plaintiff appeals the district
court's award of costs to defendants. We have jurisdiction pursuant to 28 U.S.C.
§ 1291, and following a thorough review of the record, we affirm.
I. Background
This case arises out of two incidents during which plaintiff contends he was the
victim of conduct by defendants in violation of his civil rights. On April 30,

Copr. © West 2000 No Claim to Orig. U.S. Govt. Works

"Attachment"

149 F.3d 1190 (Table)
**(Cite as: 149 F.3d 1190,  1998 WL 314382, \*\*1 (10th Cir.(Okla.)))**

1994, plaintiff's Doberman Pinscher dog died as a result of being shot with a tranquilizer dart by City of Duncan animal control officer, defendant Glenn Harris. The incident started with a telephone call to 911 by plaintiff's neighbor, defendant Andrew J. Lapine, Jr., reporting that plaintiff's dog was loose in the neighborhood and menacing people attending a nearby auction. Defendants Chris Ray and Richard Hodges, City of Duncan police officers, responded and, according to their reports, found that plaintiff's dog was agitated and pacing a fence in plaintiff's yard. The officers reported that the fence could not contain the dog and it went back and forth into plaintiff's yard at will. The officers then requested that animal control be dispatched to the location.

 After several unsuccessful attempts on the part of the police dispatcher to locate plaintiff, Officers Ray and Hodges, and Animal Control Officer Harris, assisted by Officers Jerry Wilson and Bart Riley, tried, without success, to catch the dog in a pole noose. During this time, the dog charged the officers showing its teeth. After pursuing the animal through the neighborhood, the dog finally returned to plaintiff's yard. The officers then directed Harris to shoot the dog with a tranquilizer gun. Following the shot, the dog went into the house through a broken door. Because a dog hit with this tranquilizer must receive veterinary attention quickly, the police officers authorized Harris to enter plaintiff's residence to retrieve the dog once they were sure that the shot had taken effect. Harris, accompanied by Sgt. Hodges, then entered the back of plaintiff's house into a room described by Sgt. Hodges as "a dog room" littered with animal waste, food, and trash. Harris removed the animal and transported it to a veterinarian, where despite treatment, unfortunately, it died. The police officers cited plaintiff for allowing an animal to run at large. He was adjudged guilty in municipal court.

 The second incident involves a traffic citation issued to plaintiff by City of Duncan police officer, defendant Herbert Jennings, for failure to come to a complete stop at a stop sign. Following a protest of the citation, plaintiff was acquitted in municipal court. Plaintiff appears to claim that these incidents were in furtherance of a city wide conspiracy to harass him and his family.

II. No. 97-6274

**\*\*2** Plaintiff brought this § 1983 civil rights action alleging that defendants' conduct during the dog incident and the traffic incident was in violation of his constitutional rights under the First, Fourth, Fifth, Sixth, Eighth, Ninth, Tenth, and Fourteenth Amendments. The district court granted defendant Lapine's motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) and granted summary judgment to the remaining defendants.

 Plaintiff identifies eleven issues on appeal. Because many of his issues are overlapping and repetitive, we combine them as follows: (1) the district court erred in dismissing defendant Lapine; (2) the court erred in granting summary judgment to the City of Duncan, Police Chief Dale Anderson and Police Office Herbert Jennings on plaintiff's § 1983 civil rights claims; (3) the court erred in granting summary judgment to the remaining defendants on plaintiff's § 1983 civil rights claims; (4) the district court erred in granting summary judgment to defendants on plaintiff's § 1983 conspiracy claim; and (5) the district court erred in denying plaintiff's motion to recuse. [FN1]

Copr. © West 2000 No Claim to Orig. U.S. Govt. Works

149 F.3d 1190 (Table)
**(Cite as: 149 F.3d 1190,  1998 WL 314382, \*\*2 (10th Cir.(Okla.)))**

> FN1. Plaintiff also raises to additional issues--that the district court erroneously allowed defendants extended time for discovery and erroneously denied his motion for appointment of counsel--which were not argued in his brief. Because perfunctory complaints which fail to frame or develop an issue are insufficient to invoke our review, we consider the issues waived. See Murrell v. Shalala, 43 F.3d 1388, 1389 n. 2 (10th Cir.1994).

### A. Dismissal of Mr. Lapine

Plaintiff contends that the district court erred in dismissing his claims against Mr. Lapine under Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief may be granted. We review a dismissal under Rule 12(b)(6) de novo. See Yoder v. Honeywell Inc., 104 F.3d 1215, 1224 (10th Cir.), cert. denied, 522 U.S. 812, 118 S.Ct. 55, 139 L.Ed.2d 19 (1997). We will uphold the dismissal "when it appears that the plaintiff can prove no set of facts in support of the claims that would entitle him to relief, accepting the well-pleaded allegations of the complaint as true and construing them in the light most favorable to the plaintiff." Id. (further quotation omitted). As a pro se litigant, we construe plaintiff's complaint liberally. See Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Here, the district court granted Mr. Lapine's motion to dismiss based on its conclusion that Mr. Lapine was not a state actor. Moreover, the court determined that plaintiff failed to set forth specific factual allegations that state a cause of action against Mr. Lapine as a private person conspiring with a person acting under color of state law for the purpose of depriving plaintiff of his constitutional rights. We agree.

A civil rights plaintiff proceeding under § 1983 must allege and prove that "(a) some person has deprived him of a federally protected right, and (b) the person who has deprived him of that right acted under color of state law." Houston v. Reich, 932 F.2d 883, 890 (10th Cir.1991). Unless a complaint alleges both elements, it does not state a claim under § 1983. "In order to hold a private individual liable under § 1983 for a constitutional violation requiring state action, a plaintiff must show ... that the individual's conduct is 'fairly attributable to the State.' " Pino v. Higgs, 75 F.3d 1461, 1465 (10th Cir.1996) (quoting Lugar v. Edmondson Oil Co., 457 U.S. 922, 937, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982)). Under Lugar,

> **\*\*3** [f]irst, the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom the State is responsible.... Second, the party charged with the deprivation must be a person who may fairly be said to be a state actor. This may be because he is a state official, because he had acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State.

457 U.S. at 937.

Here, Mr. Lapine's only involvement in the incidents in question was his telephone call to the authorities to report that plaintiff's dog was loose and menacing persons in the neighborhood. Although plaintiff's argument in his brief is less than clear, it appears that he alleged that Mr. Lapine should be considered as acting under color of state law because Mr. Lapine had, in the

Copr. © West 2000 No Claim to Orig. U.S. Govt. Works

149 F.3d 1190 (Table)
**(Cite as: 149 F.3d 1190,  1998 WL 314382, \*\*3 (10th Cir.(Okla.)))**

past, made other complaints to the police regarding plaintiff. In Pino, we rejected a similar argument, holding that defendant's "conduct does not rise to the level of state action simply because [police officers] responded to her call to the dispatcher." 75 F.3d at 1465. Accordingly, we conclude that Mr. Lapine's actions did not constitute state action simply because the officers responded to his call, or for that matter, had in the past responded to his calls.

 Moreover, as the district court found, plaintiff did not plead sufficient facts to support his claim that Mr. Lapine acted in conspiracy with the police officers. See Dennis v. Sparks, 449 U.S. 24, 27-28, 101 S.Ct. 183, 66 L.Ed.2d 185 (1980) (cause of action under § 1983 may be maintained against a private person where it is shown that private person conspired with person acting under color of state law to violate constitutional rights); Thompson v. City of Lawrence, 58 F.3d 1511, 1517 (10th Cir.1995) (holding that a plaintiff must allege sufficient facts to show both a conspiracy and a deprivation of constitutional rights). Even construing plaintiff's assertions liberally, his allegations of conspiratorial conduct as to Mr. Lapine are conclusory at best. See Durre v. Dempsey, 869 F.2d 543, 545 (10th Cir.1989) ("Conclusory allegations of conspiracy are insufficient to state a valid § 1983 claim."). Therefore, the district court's dismissal of the claims against Mr. Lapine was appropriate.

                    B. Grant of Summary Judgment to Harris, Ray, and Hodges
 We review the grant of summary judgment de novo applying the same standard as that applied by the district court. See Buchanan v. Sherrill, 51 F.3d 227, 229 (10th Cir.1995). Summary judgment is appropriate if the moving party demonstrates that there is "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). A genuine issue of material fact exists if the parties have presented sufficient evidence from which a trier of fact could resolve the issue either way. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). If the party bearing the burden of persuasion at trial fails to come forward with sufficient evidence on an essential element of his prima facie case, all issues concerning all other elements of the claim become immaterial. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

**\*\*4** The movant bears the burden of establishing the absence of dispute as to a material fact. See id. at 323. The movant can accomplish this by pointing out to the court a lack of evidence as to an essential element of the nonmovant's claim. The burden then shifts to the nonmovant to present specific facts, admissible at trial, from which a rational trier of fact could find for the nonmovant. See Fed.R.Civ.P. 56(c); Celotex, 477 U.S. at 324. This can be accomplished by reference to pleadings, affidavits, discovery responses, transcripts, or other specific exhibits. See Fed.R.Civ.P. 56(c); Thomas v. Wichita Coca-Cola Bottling Co., 968 F.2d 1022, 1024 (10th Cir.1992). We conduct our de novo review from the same perspective available to the district court at the time it entered its decision, limiting our review to those materials the parties presented to the district court. Therefore, although "[w]e view the evidence and draw any inferences in a light most favorable to the party opposing summary judgment, ... that party must identify sufficient evidence which would require submission of the case to a jury." Aramburu v. Boeing Co., 112 F.3d 1398, 1402 (10th Cir.1997).

 Plaintiff challenges the district court's grant of summary judgment to the

                    Copr. © West 2000 No Claim to Orig. U.S. Govt. Works

149 F.3d 1190 (Table)
**(Cite as: 149 F.3d 1190,  1998 WL 314382, \*\*4 (10th Cir.(Okla.)))**

defendants who actually took part in the incidents. The court granted defendants summary judgment on plaintiff's allegations of First, Sixth, Ninth, and Tenth Amendment violations, noting that during his deposition, plaintiff was unable to identify the factual basis for his claims that defendants violated the numerous constitutional amendments he cited, and had provided no evidence to support these claims.

On plaintiff's Fourth Amendment claim that defendants entered his home without a warrant and shot his dog, the court concluded that plaintiff had not provided sufficient evidence to support this claim. In determining that plaintiff failed to establish a disputed material fact, the district court thoroughly summarized the affidavits and police reports submitted by the defendants. The court then concluded that plaintiff had established no disputed issue of material fact challenging defendants' claim that exigent circumstances existed at the time the officers entered plaintiff's house.

Plaintiff appears to base his assertion of error entirely on his contention that the district court failed to consider an affidavit of Jessie McAlister, plaintiff's neighbor. Although in his argument, plaintiff provides his own translation of Mr. McAlister's affidavit, our reading of the document does not reveal any fact which would materially dispute the facts contained in the affidavits and reports of the defendants. According to the factual accounts of Mr. Lapine, the police officers, and Animal Control Officer Harris, after a concerted effort to capture the dog, the dog was shot with a tranquilizer dart gun after which it went into a room at the back of the house through the bottom of a door. Officer Harris and Sgt. Hodges then entered the back of the house and retrieved the dog. According to Mr. McAlister's affidavit, "the animal control officer and another police officer" entered the house through a back door after which he "heard what sounded like a shot." R. Vol. II, Doc. 154, McAlister Affidavit at 2. Thus, it appears that Mr. McAlister believes that the dog was shot inside the house, while the officers aver that the dog was shot outside and then entered the house. While we acknowledge this factual dispute, we fail to discern its materiality to the claim. Whether the dog was shot inside or outside is immaterial to the question of whether exigent circumstances existed which permitted the officers to enter plaintiff's house without a warrant.

**\*\*5** "Normally, a search is considered reasonable under the Fourth Amendment only if it is supported by a warrant issued on probable cause[.]" Saavedra v. City of Albuquerque, 73 F.3d 1525, 1531 (10th Cir.1996). "It is a matter of law that a warrantless entry for some limited purposes is permissible if police officers have probable cause to search the residence and exigent circumstances are present." United States v. Chavez, 812 F.2d 1295, 1298 (10th Cir.1987). In assessing whether exigent circumstances exist, "we are guided by the realities of the situation presented by the record." United States v. Cuaron, 700 F.2d 582, 586 (10th Cir.1983) (further quotation omitted).

All versions of the facts support the conclusion that the officers' actions were for the purpose of protecting themselves and the public. Plaintiff's dog had been loose in the neighborhood and menacing, not only the officers, but passers-by as well. Officer Chris Ray stated in his affidavit that on his way to plaintiff's residence to answer the call regarding a loose dog, he was stopped by a woman who advised him that a black dog had "charged her and her husband while they were

Copr. © West 2000 No Claim to Orig. U.S. Govt. Works

149 F.3d 1190 (Table)
**(Cite as: 149 F.3d 1190,  1998 WL 314382, \*\*5 (10th Cir.(Okla.)))**

walking down the street." R. Vol. 11, Doc. 141, Affidavit of Chris Ray. Doug
Johnson, an attendee at the auction across the street from plaintiff's residence,
stated that he observed a Doberman Pinscher running "through the crowd" and
confronting people before being chased from the area by Duncan police officers.
Id. Affidavit of Doug Johnson. Mr. Lapine, in his account of the dog's encounter
with a couple at a nearby intersection, stated that he "observed the dog was
running at large, and lunged at the woman, being very aggressive, and then
growled and bared his teeth at the man, at which time the man attempted to
frighten the dog away." Id. Affidavit of Andrew Lapine.
 The officers involved all reported that the dog was behaving aggressively.
Therefore, even if we accept Mr. McAlister's version of the events, the officers
would have had a constitutionally permissible basis for entering plaintiff's home
and tranquilizing the dog. The discrepancies between Mr. McAlister's version of
the events in his affidavit and the version of the events described in the
affidavits submitted by defendants do not constitute a disputed issue of material
fact as to whether exigent circumstances existed which would support the
officer's warrantless entry into plaintiff's home for the purpose of removing the
dog. Summary judgment on this issue was appropriate.
                    C. 42 U.S.C. § 1983 Conspiracy Claim
 Plaintiff asserted that both incidents were part of a conspiracy of the
defendants to violate his constitutional rights. In order to prevail on a § 1983
conspiracy claim, plaintiff "must prove both the existence of a conspiracy and
the deprivation of a constitutional right." Thompson, 58 F.3d at 1517. Having
determined that plaintiff failed to establish a constitutional violation, the
conspiracy claim fails. See id.
   D. Grant of Summary Judgment to City of Duncan, Anderson, and Jennings
 **6 In a separate order, the district court granted summary judgment to the City
of Duncan and defendants Jennings and Anderson. [FN2] The court held that
plaintiff failed to adequatelyallege facts or offer evidence to support his claim
that the police officers violated his constitutional rights in accord with a
policy of the municipality.

     FN2. Pursuant to the applicable two-year statute of limitations, in this
     same order, the district court granted summary judgment to all defendants on
     plaintiff's claims based on incidents that had occurred more than two years
     prior to filing of the action. See R. Vol. II, Doc. 125 at 2. In addition,
     the court granted defendants summary judgment on claims which were barred as
     a result of releases signed by plaintiff in settlement of a number of prior
     lawsuits involving certain of the same defendants. See id. at 2-3. Although
     plaintiff makes reference to allegations of many of these prior incidents in
     his arguments on appeal, he does not challenge the district court's grant of
     summary judgment on these claims. At plaintiff's request, his state common
     law claims subject to the Governmental Tort Claims Act were stricken from
     his complaint. See id. at 3.

 In a § 1983 action, the City of Duncan may be held liable only for its own
unconstitutional policies and not for the tortuous or unconstitutional actions of
its employees. See Monell v. Department of Soc. Servs., 436 U.S. 658, 694, 98

          Copr. © West 2000 No Claim to Orig. U.S. Govt. Works

149 F.3d 1190 (Table)
**(Cite as: 149 F.3d 1190,  1998 WL 314382, \*\*6 (10th Cir.(Okla.)))**

S.Ct. 2018, 56 L.Ed.2d 611 (1978). Here, the City may not be held liable under this theory absent an underlying constitutional violation by its officers. See Thompson, 58 F.3d at 1517. Therefore, because plaintiff failed to establish a constitutional deprivation, his claim against the City fails.

 The district court granted summary judgment to Officer Jennings and Police Chief Anderson on plaintiff's claim that the defendants participating in the death of his dog violated his constitutional rights. We have held that "[i]ndividual liability under § 1983 must be based on personal involvement in the alleged constitutional violation." Foote v. Spiegel, 118 F.3d 1416, 1423 (10th Cir.1997). Plaintiff does not claim that either defendant was present when the alleged constitutional violation occurred, but presumably included the two officers solely because of their supervisory role. A supervisor cannot be held liable under § 1983 on a respondeat superior theory. See Brown v. Reardon, 770 F.2d 896, 901 (10th Cir.1985). Plaintiff's claims against the officers in their supervisory capacities is the same as his claims against the City. See Thompson, 58 F.3d at 1517. Therefore, once again plaintiff's failure to show an underlying constitutional deprivation defeats his claims against the two officers, and summary judgment was appropriate.

 Next, the district court granted summary judgment on plaintiff's claim that Officer Jennings violated his constitutional rights during a traffic stop and resulting citation for failure to come to a complete stop at a stop sign. The court construed plaintiff's claim as asserting that, because plaintiff was acquitted of the violation, the charge was concocted and for the purpose of harassing plaintiff. The court found that, although plaintiff claimed Officer Jennings was "rude and raised his voice," he failed to establish that issuance of the citation was an abuse of Jennings' authority, or in violation of plaintiff's due process rights. R. Vol. II, Doc. 125 at 4-5. On appeal, plaintiff asserts that "Officer Jennings, had followed, stopped, detained, (arrested) Appellant and his spouse, upon numerous occasions (sic)." Appellant's Opening Br. at 19. He fails, however, to point this court to any error in the district court's findings or conclusions on this issue. Because we are not obligated to manufacture plaintiff's argument on appeal when he has failed to draw our attention to the error asserted, we consider the issue waived. See Hernandez v. Starbuck, 69 F.3d 1089, 1093 (10th Cir.1995); see also United States v. Rodriquez-Aguirre, 108 F.3d 1228, 1238 n. 8 (10th Cir.) (holding that appellant bears the burden of tying the relevant facts, supported by specific citations to the record, to hislegal contentions), cert denied, 522 U.S. 847, 118 S.Ct. 132, 139 L.Ed.2d 81 (1997).

                           E. Motion to Recuse

 **\*\*7** Plaintiff also challenges the district court's denial of his motion to recuse. We review "the denial of a motion to recuse only for abuse of discretion." Weatherhead v. Globe Int'l, Inc., 832 F.2d 1226, 1227 (10th Cir.1987). Plaintiff argues that the district court ignored his evidence. It is clear from the record, however, that the district court did not ignore plaintiff's evidence, but instead found it insufficient or immaterial. Plaintiff's only appellate argument on this issue appears to be his dissatisfaction with the decisions of the court which does not constitute grounds for recusal. See Liteky v. United States, 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994) (holding judicial rulings alone almost never constitute

Copr. © West 2000 No Claim to Orig. U.S. Govt. Works

149 F.3d 1190 (Table)
**(Cite as: 149 F.3d 1190,  1998 WL 314382, \*\*7 (10th Cir.(Okla.)))**

grounds for recusal). We therefore conclude that the district court's denial of plaintiff's motion to recuse was not an abuse of its discretion

### III. No. 97-6321

 Plaintiff appeals the district court's award of costs to defendants as prevailing parties. On August 4, 1997, pursuant to Fed.R.Civ.P. 54 and Rule 54.2 of the Rules for the United States District Court for the Western District of Oklahoma, defendants filed a bill of costs in the amount of $6,888.75. To their bill of costs, defendants attached an affidavit of counsel and numerous documents supporting the amount of costs sought, and that they were in relation to the proceedings in the district court. Plaintiff received a copy of the bill of costs indicating that a hearing on the assessment would be held on August 21, 1997. By letter dated August 5, 1997, the district court informed all parties of the date and time of hearing and advised that "[i]f there is no written objection filed to the Bill of Costs pursuant to Local Rule 54.2, the Clerk's Office will tax same in accordance with the Federal Rules of Civil Procedure and our Local Rules; and your appearance at such hearing will not be necessary." R.Supp. Vol. I, Doc. 168, ex. D. Plaintiff had fifteen days from the date the bill of costs was filed to file his written objections. Although plaintiff did not file the required written objections, he did appear at the hearing.
 Following the hearing, the clerk assessed costs against plaintiff in the amount requested. Although plaintiff had five days in which to appeal the assessment, see Fed.R.Civ.P. 54(d), instead he filed a motion for leave to object to the bill of costs, claiming that a letter from the clerk of this court concerning his appeal fees confused him. [FN3] The district court, construing plaintiff's motion as a request to file objections out of time, directed defendants to respond. By order dated September 10, 1997, the district court determined that although plaintiff had express notice of the need to file timely written objections, he failed to do so. The court then denied plaintiff's motion to file objections out of time and ordered the assessment of costs would stand.

   FN3. On August 6, 1997, following plaintiff's filing of his notice of
   appeal, this court, under the erroneous impression that plaintiff was a
   prisoner, notified him that his appeal would be delayed pending assessment
   of appeal fees by the district court. Id. Plaintiff contends that this
   letter somehow confused him as to his need to file written objections to the
   assessment of costs in the district court.
   The letter in question came from the court of appeals, addressing only
   plaintiff's fee for filing an appeal. The letter made no reference to the
   assessment of the costs of litigation pending in district court. It appears,
   and the district court observes, that plaintiff, despite his pro se status,
   is not a novice at federal court litigation. His contention that he was
   confused by this court's letter regarding his fee for filing an appeal is,
   therefore, unpersuasive.

**\*\*8** As defendants noted, plaintiff devoted very little argument to the merits of the costs assessment. He first asserts that his pro se status precludes any award of costs against him. Although 28 U.S.C. § 1915(a)(1) allows commencement of a civil suit without prepayment of costs and fees, § 1915(f)(1) allows a judgment

Copr. © West 2000 No Claim to Orig. U.S. Govt. Works

149 F.3d 1190 (Table)
**(Cite as: 149 F.3d 1190,  1998 WL 314382, \*\*8 (10th Cir.(Okla.)))**

"for costs at the conclusion of the suit or action as in other proceedings." We
have held that a grant of " 'in forma pauperis status pursuant to § 1915(a) does
not preclude the court from assessing costs at the conclusion of the suit.' "
Treff v. Galetka, 74 F.3d 191, 196- 97 (10th Cir.1996) (quoting Olson v. Coleman,
997 F.2d 726, 728 (10th Cir.1993)).
  Next, plaintiff asserts that, because he had filed his notice of appeal in this
court, the district court did not have jurisdiction to assess costs. "[A] request
for costs raises issues wholly collateral to the judgment in the main cause of
action...." Buchanan v. Stanships, Inc., 485 U.S. 265, 268, 108 S.Ct. 1130, 99
L.Ed.2d 289 (1988). Federal Rule of Civil Procedure 58 states that "[e]ntry of
the judgment shall not be delayed, nor the time for appeal extended, in order to
tax costs or award fees." Therefore, the district court's orders granting summary
judgment to defendants were final appealable orders, and defendants' pending
request to tax costs remained with the district court. See Smith v. Phillips, 881
F.2d 902, 905 n. 9 (10th Cir.1989) (district court retains jurisdiction to
consider requests for attorneys' fees after appeal has been filed).
  Pursuant to Fed.R.Civ.P. 54(d), "costs other than attorneys' fees shall be
allowed as of course to the prevailing party unless the court otherwise directs."
The district court has broad discretion to award costs to the prevailing party.
See Tilton v. Capital Cities/ABC, Inc., 115 F.3d 1471, 1474 (10th Cir.1997);
Roberts v. Madigan, 921 F.2d 1047, 1058 (10th Cir.1990). Here, we conclude that
the district court's decision on the award of costs to defendants was not an
abuse of discretion.
  The judgments of the United States District Court for the Western District of
Oklahoma are AFFIRMED.
END OF DOCUMENT

Copr. © West 2000 No Claim to Orig. U.S. Govt. Works